UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION

        Plaintiff,

   v.

INTERNET TELECOMMUNICATIONS ALBANY
SYSTEM SMR, et al,

        Defendants

C.A. No. 1:99CV00539
(CKK)



**FILED**

MAY 3 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT CHARLES D. KING

Plaintiff Securities and Exchange Commission ("Commission") filed this action on March 2, 1999. By Order entered on July 9, 1999, this Court authorized and directed the alternative service of process by publication on Defendant Charles D. King ("King"). The Order advised Defendant King that unless Defendant filed an answer to the Commission's complaint on or before August 30, 1999, a judgment by default would be entered against the Defendant. Defendant King has failed to respond to the complaint. Based on King's default and the Commission's Application for Entry of Final Judgment by Default Against Defendant Charles D. King and the supporting documentation, *and no opposition filed*, and it appearing that this Court has jurisdiction over King and the subject matter hereof, and the Court being fully advised in the premises:



I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant King, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from directly or indirectly, violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)] by:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security; or

(2) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; and

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium, of any prospectus or otherwise any security, unless a registration statement has been filed as to such security with the Commission, or while the registration statement is the subject of a refusal order or a stop order or [prior to the effective date of

the registration statement] any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant King, his agents, servants, employees, attorneys-in-fact and all those persons in active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C 77q(a)], directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to:

(1) employ any device, scheme, or artifice to defraud;

(2) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading, or

(3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in connection with the offer or sale of any security.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant King, his agents, servants, employees, attorneys-in-fact and all those persons in active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme, or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant King shall, jointly and severally, with Defendants Michael E. Murray, Ronald L. Tobin and California Financial Services, Inc. in this action against whom separate judgments are being entered herewith, pay disgorgement of the sum of $582,455,

received by him as a result of his unlawful conduct described in the complaint herein, plus prejudgment interest in the amount of $207,212, for a total of $789,662  Within thirty days of entry of this Final Judgment, Defendant King shall pay to the registry of this Court by cashier's or certified check drawn to the order of "Clerk, United States District Court, D.D.C." the full amount of disgorgement and prejudgment interest specified above, and postjudgment interest calculated pursuant to 28 U.S.C. §1961. Payment should be accompanied by a cover letter identifying Defendant King, the caption and case number of this action, and the Commission's internal file number (HO-3096). Copies of such check and accompanying cover letter shall be simultaneously sent to John P. Sherry, Attorney, Mail Stop 0709, 450 Fifth Street, N.W., Securities and Exchange Commission, Washington, D.C. 20549. The Clerk shall deposit all funds received pursuant to this Final Judgment into the Registry of the Court in an interest-bearing account. At such time as such funds are paid to the Court, Defendant King shall relinquish all legal and equitable right, title and interest in those funds, and no part of such funds shall be returned to Defendant King or his successors or assigns. The Commission will thereafter submit for the Court's consideration a proposed order for disposition of such funds.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant King pay a civil penalty of $582,455, jointly and severally, with Defendants Michael E Murray, Ronald L. Tobin and California Financial Services, Inc. in this action against whom separate judgments are being entered herewith, pursuant to Section 20(d) (2) of the Securities Act [15 U.S. §77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15

U.S.C. §78u(d)(3)], representing the gross pecuniary gain of Defendant King. Within thirty days of this judgment, Defendant King shall pay the full amount of civil penalty specified above, by cashier's or certified check payable to the "Securities and Exchange Commission." Such payment shall be sent to the Office of the Secretary, Mail Stop 0609, 450 Fifth Street, N.W., Securities and Exchange Commission, Washington, D.C. 20549. At such time as such funds are paid to the Commission, Defendant King shall relinquish all legal and equitable right, title and interest in those funds, and no part of such funds shall be returned to Defendant King or his successors or assigns

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

***

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

_____
**UNITED STATES DISTRICT JUDGE**

Date: May 31, 2000

Fjpi.kg