UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br>SECURITIES AND EXCHANGE COMMISSION<br>450 Fifth St., N.W.<br>Washington, D.C. 20549-0911,<br><br>           Plaintiff,<br><br>v.<br><br>INTERNET TELECOMMUNICATIONS ALBANY<br>SYSTEM SMR, et al.,<br><br>           Defendants. | **FILED** ✓<br><br>FEB 2 8 2003<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br><br>Civil Action No.:<br>1:99CV00539 (CKK) |

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT TRENDSGROUP INTERNATIONAL, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant TrendsGroup International, Inc. ("TrendsGroup") in its attached Offer of Judgment of Defendant TrendsGroup International, Inc. having offered to allow the entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant TrendsGroup International, Inc. ("Final Judgment") without admitting or denying any of the allegations of the Complaint (except as to jurisdiction, which it admits); TrendsGroup enters a general appearance, admits the jurisdiction of this Court over the subject matter of this action, consents to the jurisdiction of this Court over it, withdraws its previously filed answer to the Complaint, waives the entry of findings of fact and conclusions of law, waives any right to appeal from this Final Judgment; and it

appearing that this Court has jurisdiction over TrendsGroup and the subject matter hereof, and the Court being fully advised in the premises:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup, its agents, servants, employees, attorneys-in-fact, and all those persons in active concert and participation with it who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from directly or indirectly, violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)] by:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security; or

(2) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; and

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security with the Commission, or while the registration statement is the subject of a

refusal order or a stop order or [prior to the effective date of the registration statement] any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup, its agents, servants, employees, attorneys-in-fact and all those persons in active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, to:

(1) employ any device, scheme, or artifice to defraud;

(2) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading; or

(3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in connection with the offer or sale of any security.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup, its agents, servants, employees, attorneys-in-fact and all those persons in active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme, or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup and its agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, be and they hereby

are permanently restrained and enjoined from directly or indirectly violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange), to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup shall pay disgorgement of the sum of $164,660, received by it as a result of its unlawful conduct described in the Complaint herein, plus prejudgment interest in the amount of $116,371, for a total of $281,031. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of the judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense, including a demonstration that compliance with the Court's order is impossible as a consequence of the defendant's financial condition and that such condition was not self-created as a means of avoiding compliance with the Court's order. The Commission may

take discovery concerning Defendant TrendsGroup's financial condition at any time if the defendant fails to make all payments required by this Final Judgment, including post-judgment interest. Defendant TrendsGroup shall make all payments required by this Final Judgment to the registry of this Court by cashier's or certified check drawn to the order of "Clerk, United States District Court, D.D.C." Payment should be accompanied by a cover letter identifying Defendant TrendsGroup, the caption and case number of this action, and the Commission's internal file number (HO-3096). Copies of such check and accompanying cover letter shall be simultaneously sent to John P. Sherry, Senior Counsel, Mail Stop 0810, 450 Fifth Street, N.W., Securities and Exchange Commission, Washington, D.C. 20549-0810. The Clerk shall deposit all funds received pursuant to this Final Judgment into the Registry of the Court in an interest bearing account. At such time as such funds are paid to the Court, Defendant TrendsGroup shall relinquish all legal and equitable right, title and interest in those funds, and no part of such funds shall be returned to Defendant TrendsGroup or its successor or assigns. The Commission will thereafter submit for the Court's consideration a proposed order for disposition of such funds.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant TrendsGroup pay a civil penalty of $164,660 pursuant to Section 20(d)(2) of the Securities Act [15 U.S. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], representing the gross pecuniary gain of Defendant TrendsGroup. Defendant TrendsGroup shall pay the of civil penalty specified above, by cashier's or certified check payable to the "Securities and Exchange Commission." Such payment

shall be sent to the Office of Financial Management, Attn. Comptroller, Mail Stop 0-3, Securities Exchange Commission, 6432 General Green Way, Alexandria, VA 22312 and submitted with a cover letter that identifies TrendsGroup as a defendant in this action, the caption and civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

***

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) and of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

_____
UNITED STATES DISTRICT JUDGE

Date: 2/28/03