UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
450 Fifth St., N.W.
Washington, D.C. 20549-0911,

    Plaintiff,

v.

INTERNET TELECOMMUNICATIONS ALBANY
SYSTEM SMR, et al.,

    Defendants.

Civil Action No.:
1:99CV00539 (CKK)

**FILED**

JUL 1 2 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT FREDERIC A. GLADLE

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Frederic A. Gladle ("Defendant") in his attached Consent of Frederic A. Gladle incorporated herein, having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; withdrawn his previously filed answer to the Complaint; waived findings of fact and conclusions of law; consented to entry of this Final Judgment without admitting or denying any of the allegations of the Complaint (except as to jurisdiction); and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, be and they hereby are permanently restrained and enjoined from directly or indirectly violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange), to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or

dealer is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $57,000, received by him as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $43,000, and a civil penalty in the amount of $57,000 pursuant to Section 20(d)(2) of the Securities Act [15 U.S. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Frederic A. Gladle as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. Further, all payments in excess of $57,000 made pursuant to this paragraph also shall be credited toward the amount that TrendsGroup International, Inc. has been ordered to disgorge pursuant to paragraph V of the Final Judgment of Permanent Injunction and Other Relief as to Defendant

TrendsGroup International, Inc., entered by this Court on February 28, 2003 ("TrendsGroup Final Judgment"). Further, all payments made pursuant to paragraph V of the TrendsGroup Final Judgment also shall be credited toward the amount that Defendant is being ordered to disgorge pursuant to this paragraph.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Defendant ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Defendant shall, within thirty days after entry of a final order granting

the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

## VIII.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) and of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith and without further notice.

Date: July 12, 2004

_____
UNITED STATES DISTRICT JUDGE